NEW FIRST NATIONAL BANK OF PARAGOULD, ARKANSAS, APPELLANT, v. MATTIE L. HOGUE AND PEOPLE'S BANK OF HOLCOMB, HOLCOMB, MISSOURI, RESPONDENTS.*

Springfield Court of Appeals. May 20, 1930.

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, section 1289, p. 980, n. 21; section 1291, p. 984, n. 51; section 1292, p. 984, n. 60; section 1358, p. 1046, n. 9; section 1376, p. 1062, n. 62; section 1396, p. 1075, n. 22; Trial, 38Cyc, p. 1749, n. 98.

504

*M. P. Huddleston* and *Orville Zimmerman* for appellant.

*Hal. H. McHaney* for respondent.

COX, P. J.—Action upon a check drawn by Mattie L. Hogue upon the People's Bank of Holcomb and payable to E. S. Stacey. The verdict and judgment went in favor of defendants and plaintiff appealed. The answer of Mattie L. Hogue alleges that the check sued on was obtained from her by Stacey by fraud and without consideration. That appellant was not a holder in due course, and that plaintiff was not in fact the owner of said check, and also that plaintiff had knowledge of the fact that the check was procured by fraud and was without consideration at the time said check was placed in its hands by Stacey.

At the close of all the evidence the court instructed the jury to find for defendant, People's Bank of Holcomb, and verdict for it was returned accordingly and no exception was taken to that action so that defendant is not in this court. The plaintiff appealed from a judgment in favor of defendant, Mattie L. Hogue.

The general facts in this case are substantially as follows: Mr. E. S. Stacey was a sales agent for the Baldwin Piano Company, and as such sold defendant, Mattie L. Hogue, a piano and took from her a note for $400 payable to the piano company for the balance of the purchase price. A short time before this note came due, Stacey came to the home of Mrs. Hogue and spoke of being hard up and wanted to sell her a note on another party. Mrs. Hogue then con-

cluded that as her note was almost due, she would make a payment on it and asked Stacey to whom she should make the check payable and he said to make it payable to him and she then gave him her check on the People's Bank of Holcomb for $331.60 payable to him. She later learned that he did not have authority to collect her note to the piano company and she then stopped payment on the check. Other facts will be noted later.

There are two assignments of error as follows:

"(1) The court erred in refusing appellant's requested instruction at the close of all the evidence for a directed verdict.

"(2) The court erred in giving instruction 4 for defendant Mattie L. Hogue."

The demurrer to defendant's evidence is based on the contention that the evidence shows without contradiction that plaintiff received the check from Stacey and gave him credit on his account at the bank and permitted him to check against it and by doing so, the plaintiff bank became a holder in due course. If the evidence showed those facts and nothing more and there was no evidence to the contrary, we think that position would be sound. The holder of a negotiable instrument, in the absence of any proof at all, is, prima-facie, the holder in due course, but when it is shown that the instrument was procured by fraud in the first instance, that prima-facie case is dispelled until proof is offered by the holder to show that it was procured by him for value before maturity and in ignorance of any defect in the title. When that is done and no evidence to contradict it appears, then the prima-facie case of the holder becomes conclusive. [Baade v. Cramer, 278 Mo. 516, 526, 213 S. W. 121.] And where that condition of the evidence is present we think a directed verdict for the holder should be given, but that is not the case here. Plaintiff's cashier testified on behalf of plaintiff that E. S. Stacey was a depositor in plaintiff bank. That he presented the check in question to the bank which received it and placed the amount of it to the credit of Stacey. The bank then sent it through the usual channel for collection and when it reached the People's Bank of Holcomb, on which it was drawn, payment upon it had been stopped by the drawer, Mattie L. Hogue. The bank then charged the amount of the check back to Stacey's account and when that was done, Stacey's account was overdrawn in the sum of $201.16, the amount the bank seeks to recover in this action. On cross-examination, after stating that the bank received the check January 31st and charged it back to Stacey's account February 7th, he testified: "We charged it against his account on that date and quit paying checks on his account because we did not get our money for it. The credit we gave Stacey was subject to payment of the check and we were looking for Stacey to make up the overdraft. We extended

the credit on our books as a matter of convenience in keeping our books and as a matter of courtesy to Mr. Stacey which is a general custom. The credit we gave him wasn't to last if the collection of Mrs. Hogue's check wasn't made. . . . I knew he was selling pianos for the Baldwin Piano Company and when he would make deposits he would tell me what a good week he had had. He told me he was selling pianos on a commission basis. I knew this check from Mrs. Hogue was taken for a Baldwin Piano. . . . This was just a matter of bookkeeping and it will stay that way pending the result of this case. If we lose the case, it will be charged off as a loss.''

The defense then placed the defendant, Mattie L. Hogue, on the stand and she testified to facts showing that Stacey obtained the check in question by fraud. At the time Stacey deposited this check in plaintiff bank, a deposit slip was given him by the bank. This deposit slip showed a deposit by Stacey by check $331.60. It also contained other statements from which we note the following: ''All checks and drafts are credited subject to payment under condition stated on back of duplicate ticket hereof.'' On the back of the deposit ticket was the following: ''All items not payable in Paragould received by this bank for credit or collection are taken at the owner's risk. This bank as agent for the owner will forward same to the collecting agents out of this State but should such collecting agents convert the proceeds or remit any checks or drafts which are thereafter dishonored, the amount for which credit has been given will be charged back. . . . All checks and drafts are credited subject to payment.''

After all the foregoing evidence was in, it could not be said that plaintiff had so clearly established its prima-facie case which resulted from the fact that it was the holder of the check, by uncontradicted evidence which made the prima-facie case conclusive and made it the duty of the court to direct a verdict in its favor. It was clearly a question for the jury to determine whether the plaintiff bought the check or took it for collection and the court did not err in refusing to give a peremptory instruction to find for plaintiff.

Instruction No. 4, the giving of which is assigned as error, told the jury that if they should find that defendant, Mattie L. Hogue, was induced to execute the check in question by false representations made by Stacey, then the burden was on plaintiff to show by the greater weight of evidence that it received said check as a deposit for the credit of E. S. Stacey without notice of said misrepresentations. It is contended that this instruction was erroneous because the burden to show that plaintiff was an innocent holder does not shift to plaintiff until the defense has offered evidence tending to show that plaintiff was not an innocent holder. The mere proof that the instrument was secured by fraud is not sufficient to

508

place upon the plaintiff the burden to show its innocence. In this appellant is mistaken. Our statute, section 845, Revised Statutes 1919, provides "Every holder is deemed, prima facie, to be a holder in due course but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims ac· quired the title in due course . . ." [See also, Keim v. Vettee, 167 Mo. 389, 399, 67 S. W. 223; Baade v. Cramer, 278 Mo. 516, 526, 213 S. W. 121.]

Instruction No. 4 was not erroneous on the question of fraud and the burden of proof.

The judgment will be affirmed. *Bailey, J.,* concurs; *Smith, J.,* not sitting.